UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANNA J. PHELAN DERBY, ) | |
| ) | |
| Plaintiff, ) | Case No. CV06-01716 AJW |
| ) | |
| v. ) | ORDER DENYING MOTION TO |
| ) | ALTER OR AMEND JUDGMENT |
| MICHAEL J. ASTRUE[1], ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On May 31, 2007, defendant timely filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment entered in this case on May 18, 2007. That judgment reversed defendant's decision denying plaintiff's application for disability insurance benefits and remanded this case for an award of benefits consistent with the memorandum of decision filed concurrently with the judgment. Plaintiff filed an opposition to the motion.

**Rule 59(e)**

Rule 59(e) states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." A motion for relief under Rule 59(e) may be granted if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart. Fed. R. Civ. P. 25(d)(1).

(3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994)).  The decision whether to grant or deny a motion pursuant to Rule 59(e) is committed to the sound discretion of the district court.  School Dist. No. 1J, 5 F.3d at 1262.

As explained in the memorandum of decision, the ALJ erred in rejecting Dr. Tholen's September 2005 opinion that plaintiff was "chronically psychiatrically disabled." [AR 291; see AR 287-296]. The general rule is that when a court reverses an agency determination, the proper remedy is a remand to the agency for additional investigation or explanation.  Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004). The general rule does not apply when a remand for further administrative proceedings would serve no useful purpose.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S.  1038 (2000).  When the ALJ fails to provide legally sufficient reasons for rejecting probative evidence, there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if that evidence is credited, then there is no need for "further agency expertise or evaluation."  Moisa, 367 F.3d at 887; see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)( "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits.").

While the court has discretion not to require that improperly discredited evidence be credited as true, see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the court properly exercised its discretion to credit Dr. Tholen's opinion in this case because (1) the ALJ did not articulate any legitimate reasons for rejecting that opinion, and (2) there was no other conflicting treating or examining source evidence in the record on which the ALJ permissibly could have based a denial of benefits.  See Benecke, 379 F.3d at 593 (declining to remand the case for further proceedings "solely to allow the ALJ to make specific findings regarding" improperly discredited testimony where the record otherwise was fully developed and it was clear that an award of benefits would be required if the testimony were credited).

The ALJ's erroneous rejection of Dr. Tholen's uncontroverted disability opinion left only plaintiff's onset date to be resolved. During the October 2005 hearing, plaintiff testified that her physical problems forced her to stop working in March 2004 and that she became very depressed about losing a long-time job

1 that she had worked hard to attain, loved, and expected to hold until she chose to leave. [AR 13, 38, 316-322]. She also testified that she started receiving treatment for depression from her treating orthopedist (who prescribed medication beginning in March 2005 [AR 281-283], but that she decided she needed to see a specialist and consulted Dr. Tholen, who opined that plaintiff was "chronically psychiatrically disabled" in September 2005. [AR 291, 322-325]. Plaintiff testified that she was undergoing group therapy with Dr. Tholen and thought it was helpful, but that it was too soon to say whether she was recovered. [AR 324].

In ordering benefits payable for an onset date of March 1, 2005, the court considered plaintiff's testimony that she was severely depressed when she was forced to leave her job in March 2004, about 18 months before Dr. Tholen opined that she was "chronically psychiatrically disabled," but that she did not receive mental health treatment until March 2005. The court also noted that the ALJ erred in rejecting two treating source opinions from November 2004 and October 2005 regarding plaintiff's physical impairments, and that crediting those opinions would further restrict plaintiff's functional capacity, especially in light of the vocational adversity of her "advanced age." On this record, remanding this case for an award of benefits with a disability onset date of March 1, 2005 was neither clear error nor manifestly unjust.

**Conclusion**

Defendant has shown no ground for relief under Rule 59(e). Accordingly, defendant's motion is denied.

**IT IS SO ORDERED.**

DATED: July 20, 2007

/ s /

_____
ANDREW J. WISTRICH
United States Magistrate Judge